■ In the Matter of the Arbitration between L. & S. PACKING CO., INC., Appellant, and LOCAL 199, I. W. A. T., U. A. W., C. U. A., Respondent.— Appeal from an order denying appellant's motion to stay arbitration requested by respondent as to a claim that appellant breached a collective bargaining agreement, or to direct that an immediate trial by a jury be had of the preliminary issue of the termination of the agreement. Order affirmed, without costs. There is no dispute that the proceeding to stay arbitration was timely commenced. The Special Term held that, because no demand for modification was made by either party at least 60 days prior to the expiration of the contract on August 27, 1958, all the terms and conditions of the contract are presently in effect and will be so until Augut 27, 1959. In our opinion, this determination is correct. Although respondent took a contrary position in the court below, it now admits that it did not ask to arbitrate a demand for a pension plan or additional wages. The only matter as to which arbitration was sought is whether appellant breached the contract and whether respondent is entitled to damages for the breach. The arbitration must be limited accordingly. Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse the order and to grant the stay, with the following memorandum: There is no question

but that, by its terms, there was an automatic renewal of the contract between the parties. However, after such renewal the respondent chose to consider the contract at an end and made new demands. The appellant acceded to the termination of the contract and advised respondent that its employees no longer wished to be represented by respondent. Having declared the contract at an end, respondent may not now avail itself of its terms. Regardless of the duration fixed therein, parties to a contract may always by agreement bring it to an earlier termination.